Alaska Redi-Mix, Inc., a corporation v. Commissioner.
Alaska Redi-Mix, Inc. v. Commissioner
Docket No. 4794-67.
United States Tax Court
T.C. Memo 1969-218; 1969 Tax Ct. Memo LEXIS 74; 28 T.C.M. (CCH) 1165; T.C.M. (RIA) 69218; October 16, 1969. Filed Charlotte Maskey (an officer), for the petitioner. Charles W. Nyquist, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined the following deficiencies and additions to tax with respect to petitioner's income taxes for the taxable years 1959 through 1963: Year
Deficiency
Addition to Tax§ 6651 (a),1954
1959
$18,135.86
$4,533.97
1960
7,061.21
1,765.30
1961
6,565.81
1,641 .45
1962
25,540.06
6,385.02
1963
8,447.78
2,111.95
Petitioner contests the deficiencies and additions to tax asserted. The issues presented for decision are: (1) the amount of petitioner's depreciation deduction for the taxable years in question attributable to certain assets acquired by petitioner in 1956, and (2) whether petitioner is liable for additions to income tax under section 6651(a). [1]
Findings of Fact Alaska Redi-Mix, Inc. (hereinafter referred *76 to as petitioner) is a calendar-year taxpayer. It filed its Federal corporate income tax returns for all the taxable years in question with the district director of internal revenue, Anchorage, Alaska. At the time of the filing of its petition in this case, petitioner's principal place of business was in Fairbanks, Alaska. Federal income tax returns for its first taxable year July 9, 1956, through December 31, 1956, and its taxable years 1957 through 1962, inclusive, were filed on October 8, 1963. Its return for the taxable year 1963 was filed on June 16, 1965. Petitioner is an Alaska corporation founded by Ove C. Selid (hereinafter referred to as Selid), Walter Sczudlo, and Thomas W. Somers on July 9, 1956. The first meeting on its board of directors was held on July 12, 1956. Selid was elected president, Thomas W. Somers, vice president, and Walter Sczudlo, secretary-treasurer of petitioner. At this meeting Selid offered to transfer to petitioner the assets of the Selid Corporation Company, Inc., and certain other assets which he owned individually in exchange for 60,000 shares of the capital stock of petitioner. Petitioner accepted Selid's offer and authorized the issuance *77 of 60,000 shares of its stock to Selid upon his transfer of the aforesaid assets to petitioner. Walter Sczudlo and Thomas W. Somers each purchased one share of petitioner's stock. 1166 Pursuant to his July 12 offer, Selid executed a bill of sale to petitioner on July 31, 1956, covering the assets contemplated in his offer, which document was filed and made a matter of public record in Fairbanks on August 10, 1956. In exchange for the transfer of these assets to petitioner, 60,000 shares of petitioner's stock were issued to Selid on or before November 20, 1956. On that date Selid entered into a shareholders' agreement with Holt M. Derickson (hereinafter referred to as Derickson) in which Derickson agreed to transfer certain assets to petitioner in exchange for the issuance to him of 30,000 shares of petitioner's authorized but unissued stock. These shares of stock were issued to Derickson on or before December 31, 1956. Petitioner engaged Vincent B. Johnson, Jr., as its accountant in 1959. Johnson prepared petitioner's Federal income tax returns for the years 1956 through 1963 which were filed on the dates set forth above. On its Federal income tax return for its first taxable *78 year, July 9, 1956, through December 31, 1956, petitioner deducted $12,915.25 for depreciation of the assets acquired from Selid. Respondent disallowed $8,001.82 of such deduction. Similarly, petitioner's claimed depreciation deductions of $50,125.92, $48,625.92, and $48,917.59 for the years 1957, 1958, and 1959 were each disallowed to the extent of $30,185.47 Respondent also disallowed petitioner's claimed depreciation deductions for the years 1960, 1961, 1962, and 1963 as follows Year
DepreciationClaimed
Disallowance
1960
$51,583.87
$27,926.54
1961
46,37 1.71
19,144.22
1962
56,189.79
18,409.27
1963
79,946.25
15,912.72 The stated ground for such disallowances was petitioner's failure to establish that a deduction in that amount was allowable. Opinion The primary issue for decision is the amount of petitioner's depreciation deduction with respect to certain assets acquired in 1956. Resolution of this issue depends upon petitioner's basis in such assets. We note preliminarily that the disagreement between the parties on this issue relates solely to their conception of the facts of this case. The parties apparently concur as to the applicable *79 law. Respondent contends that petitioner acquired the assets in question from Selid, the principal incorporator and shareholder of petitioner, in exchange for the issuance of 60,000 shares of petitioner's stock to Selid. Following such acquisition, respondent continues, Selid owned 60,000 shares, out of 60,002 issued and outstanding at that time, and the transaction therefore falls squarely within the provisions of section 351. [2] Respondent concludes that the basis of such assets must be determined under section 362(a)(1) [3] which provides that the basis of property acquired in connection with transactions to which section 351 applies shall be the same as its basis in the hands of the transferor. Petitioner, on the other hand, claims that Selid's transfer of the assets in question to petitioner occurred after a second shareholder, Derickson, had already acquired 30,000 shares of stock. Accordingly, petitioner contends section 351 is not applicable to this transaction since Selid did not possess the requisite control over the corporation immediately after the exchange. Petitioner therefore urges that it is entitled to a cost basis in the assets acquired from Selid. *80 As reflected in our findings, we have rejected petitioner's allegations of fact. Petitioner has failed to offer any evidence in support of its contentions. Derickson, the only witness to testify at the trial, admitted that he had no 1167 personal knowledge regarding the organization of petitioner in July 1956, which event had transpired several months before his involvement with petitioner in November of that year. Although Selid was available to testify in this regard, petitioner did not introduce his testimony at the trial. Plainly, petitioner has failed to meet its burden of proof as to this issue. Moreover, the documentary evidence in the record, the substance of which is set forth in our findings of fact, establishes unequivocally that the exchange in question took place before Derickson became involved with petitioner. The record contains a copy of a publicly recorded bill of sale dated July 31, 1956, from Selid to petitioner covering the assets in question. It was not until four months later, on November 20, 1956, that the shareholders' agreement, in which Derickson first offered to subscribe for 30,000 shares of stock, was executed. The actual stock purchase presumably *81 occurred at some future date. The shareholders' agreement, in fact, expressly stated that at the date of its execution, Selid owned 60,000 of the 60,002 shares of stock in petitioner. Accordingly, the deficiencies asserted by respondent for all the taxable years at issue must be sustained. Petitioner has also resisted respondent's additions to its income tax liability under section 6651(a), apparently on the ground that its failure to timely file its returns was due to reasonable cause. However, petitioner has made only a feeble effort to argue this point and has not introduced any evidence supporting its contentions. Accordingly, we also sustain respondent's additions to tax for the taxable years in question. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR. (a) General Rule. - No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. For purposes of this section, stock or securities issued for services shall not be considered as issued in return for property. SEC. 368. DEFINITIONS RELATING TO CORPORATE REORGANIZATIONS. (c) Control. - For purposes of part I (other than section 304), part II, and this part, the term "control" means the ownership of stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote and at least 80 percent of the total number of shares of all other classes of stock of the corporation. ↩
3. SEC. 362. BASIS TO CORPORATIONS. (a) Property Acquired by Issuance of Stock or as Paid-In Surplus. - If property was acquired on or after June 22, 1954, by a corporation - (1) in connection with a transaction to which section 351 (relating to transfer of property to corporation controlled by transferor) applies, * * * then the basis shall be the same at it would be in the hands of the transferor, increased in the amount of gain recognized to the transferor on such transfer.↩